UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                               )
CONSUELO JORDAN,                               )
                                               )
                Plaintiff,                     )
                                               )
        v.                                     )        Civil Action No. 12-0838 (JDB)
                                               )
U.S. ATTORNEY'S OFFICE,                        )
                                               )
                Defendant.                     )
_____      )


MEMORANDUM OPINION


        This matter is before the Court on defendant's motion to dismiss.  For the reasons

discussed below, the motion will be granted.

I.  BACKGROUND

        On May 14, 2012, plaintiff filed a Complaint in the Superior Court of the District of

Columbia, the caption of which identifies the defendants as follows:

> U.S. Attorney's Office
> ATTN: Deputy Chief Director, Shannon Fulton
> RE: PHILLIP McHUGH
> 555 4th Street, N.W., Rm. 1205
> Washington, DC 20530

Notice of Removal of a Civil Action, Ex. A (Complaint, *Jordan v. U.S. Attorney's Office*, No.

0004130-12 (D.C. Super. Ct. filed May 14, 2012) (emphasis in original)).   In its entirety the

complaint states:

> Asking this Court to give me a "Restraining Order" due to this
> above individual participating with an assault, domestic, physical
> violence, and loss of earnings, due to injuries.  Under violation
> code – Title 18, 14, 8

*Id.*, Ex. A (Complaint).  Mention of the "above individual" presumably is a reference to Phillip

McHugh, a Metropolitan Police Department ("MPD") officer.  *See* Pl.'s Opp'n at 6.[1]  Plaintiff

demands damages of $25,000 and injunctive relief.  Notice of Removal, Ex. A (Complaint).

Plaintiff also filed motions for injunctive relief, both of which alleged:

> I am requesting a restraining order due to an assault, physical
> violence, domestic, and loss of earnings.  I am asking for the
> individual to stay away from home, property assets, employment.
> He also remove vehicle.

*Id.*, Ex. A (Motion – (Pro – Se) for TRO); *see id.*, Ex. A (Motion – (Pro – Se) for PI).  In support

of her motion for a temporary restraining order, plaintiff accused McHugh of "an assault; forged

reports and physical violence" in violation of her civil rights."  *Id.*, Ex. A (Motion – (Pro – Se)

for TRO).

---

[1]     On June 21, 2012, plaintiff filed a document [Dkt. #6], with sequentially-numbered pages
5-30 and exhibits A-I,  titled:

> THIS IS A MOTION THAT WAS MOVE [sic] FROM DC SUPERIOR COURT
> TO THE U.S. DISTRICT COURT TO ANSWER THE DEFENDANT'S
> MOTION TO DISMISSED [sic] BY NO LATER THAN 6/22/2012[.]
> ENCLOSED IS A COPY OF A MEMURANDUM [sic] TO HAVE THE MEDIA
> PLAY DISCRIMINATION CASE WITH WIRE, AUDIOS, AND VIDEO.  A
> RESPONSE WAS RECEIVED TO PLAY DISCRIMINATION CASE BY
> CHANNEL 9 NEWS ON 5/23/2012[.]   ATTACHED IS A COPY OF THE
> RECEIPT OF THE EMAIL AND TO HAVE THE US ATTORNEY'S OFFICE
> TO SUBMITT [sic] THE WIRES TO THE COURTS, DUE TO AN ASSAULT
> AND ME BEING HARASSED BY THE DC POLICE-OFFICER, PHILLIP
> MCHUGH.   A MOTION WAS FILED TO PROSECUTED [sic] HIM
> BECAUSE OF ILLEGAL POLICE-HARASSMENT, WIRES, ASSAULT,
> POLICE-STALKING AND DISCRIMINATION.  An ELECTRONIC FILING IS
> TO BE ENTERING [sic] ON THIS 22[nd] DAY OF JUNE AND TO BE SENT
> TO THE U.S. ATTORNEY'S OFFICE, ATTORNEY EMILY KATHRYN
> INREGARDS [sic] TO CASE.

The Court construes the document as plaintiff's opposition to defendant's motion to dismiss
("Pl.'s Opp'n").

## II.  DISCUSSION

### A.  Dismissal Standard Under Rule 12(b)(6)

The United States Attorney's Office moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint fails to state a claim upon which relief can be granted.   A motion under Rule 12(b)(6) tests the sufficiency of the complaint.  *See Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002).  "[T]he complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s the] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).  "A complaint alleging facts which are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), but it, too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. Dist. of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1950).

Plaintiff's complaint is woefully deficient, as it fails to state a claim against either of its intended defendants.

### B.  *Claims Against the U.S. Attorney's Office*

The complaint can be read as naming McHugh as the sole defendant on whom service of process may be effected by serving Shannon Fulton, Deputy Chief Director of the U.S. Attorney's Office.  Under this interpretation of the pleading, neither the U.S. Attorney's Office nor any federal entity or official is a party to the action.  But in any event, neither the United States nor the U.S. Attorney's Office can be held liable for any alleged tort committed by an officer of the District of Columbia.  *See Cannon v. United States*, 645 F.2d 1128, 1137 n.35 (D.C. Cir. 1981) (noting that the Circuit "has uniformly held that the [Federal Tort Claims Act] does not, as a general rule, render the United States liable for the torts of employees or agencies of the District of Columbia because the District of Columbia is an independent political entity").  As drafted, the complaint fails to state a claim against the United States or against any other federal entity or official.

### C.  *Claims Against Phillip McHugh*

It appears that defendant McHugh is an MPD officer and an employee of the District of Columbia who allegedly assaulted plaintiff causing her physical injury and financial losses.  Although plaintiff clearly articulates her demand for injunctive relief, missing from the complaint are any factual allegations to support her assault claim.   This complaint fails to describe the time, place and circumstances of the alleged assault; it does not state the nature and extent of plaintiff's alleged injuries; the statutes under which she brings this action are not cited; and there is no apparent basis for the monetary damages sought.  It is the type of pleading that *Twombly* and *Iqbal* are intended to address.[2]

---

[2]      To the extent that plaintiff attempts to cure this pleading deficiency by presenting a more detailed description of the events giving rise to her claims in her opposition to defendant's motion to dismiss, the attempt fails.  At this stage of the proceedings, plaintiff may not amend

The Federal Rules of Civil Procedure require only that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson*, 551 U.S. at 93. Plaintiff's complaint utterly fails to meet this minimal standard. *See, e.g., Duqmaq v. Pima Cnty. Sheriff's Dep't*, No. 11-0082, 2012 WL 1605888, at *3-4 (D. Ariz. May 8, 2012) (dismissing civil rights claim under 42 U.S.C. § 1983 where plaintiff's claim was "entirely too conclusory," as it neither "identif[ied] any specific constitutional deprivation" nor "any specific policy or practice . . . as the 'moving force' behind the alleged civil rights violation"); *Tani v. St. Mary's Cnty., Md.*, No. 08-1950, 2011 WL 3827058, at *3 (D. Md. Aug. 25, 2011) (finding that, "with the exception of the caption, the . . . Defendants appear virtually *nowhere* in [the] Complaint," such that "the allegations in [the] Complaint, even if accepted as true, do not begin to approach the 'sheer possibility,' much less the requisite 'plausibility,' that the . . . Defendants somehow acted unlawfully"), *recons. denied*, 2012 WL 2861000 (D. Md. July 10, 2012); *Watson v. V.A. Hosp.*, No. 3:09-1140, 2010 WL 3907336, at *1 (M.D. Tenn. Aug. 27, 2010) (recommending dismissal of complaint where plaintiff "simply sued Defendant for 'violation' of a federal statute and 'violations' of a number of state statutes" while "providing no facts whatsoever to support these legal allegations and conclusions"), *adopted*, 2010 WL 3878916 (M.D. Tenn. Sept. 29, 2010).

---

her complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B) (allowing amendment within 21 days after service of a motion under Rule 12(b)). Rather, she could have amended her complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). And had she sought the Court's leave to amend the complaint, she would have been required to file "[a] motion for leave to file an amended complaint . . . accompanied by an original of the proposed pleading as amended." LCvR 15.1.

- 6 -

## III.  CONCLUSION

On consideration of defendant's motion to dismiss and plaintiff's opposition, the Court

concludes that the complaint fails to state a claim upon which relief can be granted.

Accordingly, defendant's motion will be granted, and the case will be dismissed.  An Order is

issued separately.

/s/
JOHN D. BATES
United States District Judge

DATE:  August 9, 2012